# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN HEARD,

     **Plaintiff,**

v.                                                         No. 15-cv-0516 MCA/SMV

GREGG MARCANTEL,
JAMES FRAWNER,
and M.T.C. CORPORATION,

     **Defendants.**

## MEMORANDUM OPINION AND ORDER

     THIS MATTER is before the Court, sua sponte under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding *in forma pauperis*.

     The Court has the discretion to dismiss an *in forma pauperis* complaint sua sponte under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint sua sponte under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but

liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that New Mexico Corrections Department Policy Number CD-151201e, which, in relevant part, prohibits inmates from receiving "Hardbound books" and "Publications containing photographs of female(s) partially or totally nude and/or posed in a sexually explicit position," violates the First Amendment. [Doc. 1] Specifically, the complaint alleges that the policy is vague, not content-neutral, and not related to a legitimate penological objective. Additionally, Plaintiff has filed a Clarification on Original Complaint [Doc. 9], which the Court construes as a supplement to the complaint, in which he avers that he personally has had a hardcover books and pictures denied pursuant to the challenged policy. The complaint seeks injunctive relief or, alternatively, a declaratory judgment.

Because Plaintiff's complaint survives scrutiny under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6), the Court will direct the Clerk to issue notice and waiver-of-service forms, along with a copy of the complaint [Docs. 1 and 9], to Defendants.

**IT IS THEREFORE ORDERED** that the Clerk issue notice and waiver-of-service forms and send them, along with a copy of the complaint [Docs. 1 and 9], to Defendant Marcantel at the New Mexico Corrections Department, P.O. Box 27116, Santa Fe, NM 87502-0116; to Defendant Frawner at Management Training Corporation, 10 McGregor Range Road, Chaparral, NM 88081; and to M.T.C. Corporation c/o C T Corporation System, 123 E. Marcy Street, Santa Fe, NM 87501.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**