IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN HEARD,

    Plaintiff,

v.                                                              No. 15-cv-0516 MCA/SMV

GREGG MARCANTEL,
JAMES FRAWNER,
and M.T.C. CORPORATION,

    Defendants.

## ORDER TO SUBMIT *MARTINEZ* REPORT

THIS MATTER is before the Court sua sponte. Plaintiff brought suit against Defendants pursuant to 42 U.S.C. § 1983 seeking only injunctive relief. [Doc. 1] at 5. Plaintiff challenges as unconstitutional two subsections of the New Mexico Corrections Department's policy concerning mail. [Doc. 1].

> e. The following will be cause for rejection [of incoming and outgoing mail]:
> . . .
> - Hardbound books.
> - Publications containing photographs of female(s) partially or totally nude and/or posed in a sexually explicit position.

[Doc. 1] at 26 (CD-151201(E)(6)(e)). He alleges that he has been denied incoming mail based on each of these two provisions. [Doc. 1] at 14; [Doc. 9] at 1. Plaintiff has provided many, many pages of legal argument, but at bottom, his position is that neither provision is rationally related to a legitimate penological interest. He further argues that the photographs provision is unconstitutional because is addresses only females and relies too heavily on the discretion of the staff member screening the mail. *See* [Doc. 1].

In order to develop a record sufficient to ascertain whether there are any factual or legal bases for Plaintiff's claims, Defendants are **ORDERED** to submit materials that will help this Court resolve Plaintiff's claims, in the form of a *Martinez* report, as explained herein.

In a suit brought by a pro se prisoner, the Court may order the defendants to investigate the incidents underlying the suit and to submit a report of the investigation, known as a "*Martinez* report." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *see Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978) (affirming the propriety and necessity of such reports). The *Martinez* report assists the Court in determining whether there is a factual and legal basis for the prisoner's claims. *Hall*, 935 F.2d at 1109. The Court may use the *Martinez* report in a variety of procedural situations, including when deciding whether to grant summary judgment, either on motion or sua sponte. *Id.* at 1109–10; *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (noting that district courts have the power to enter summary judgment sua sponte, as long as the opposing party was on notice that she had to come forward with all her evidence). However, the prisoner must be given an opportunity to present evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109.

### Directions for Preparing the *Martinez* Report

Defendants' *Martinez* report must address the allegations against them as well as any defenses raised in their answer that they wish to pursue.

2

In addition, Defendants must abide by the following instructions in preparing their report:

1)  The report must include a written brief that discusses Plaintiff's claims.  Factual assertions in the briefs must be supported by proof, such as affidavits or documents.  *See Hayes v. Marriott*, 70 F.3d 1144, 1147–48 (10th Cir. 1995).

2)  The report must state whether records pertaining to the allegations exist.

3)  The report must state whether policies or regulations addressing the allegations exist.

4)  If relevant records, policies, or regulations do exist, copies must be included as attachments to the reports.  The attachments should be arranged in a logical order and must be properly authenticated by affidavits.  *See Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1176–77 (D.N.M. 2006).

In addition, Defendants shall provide a Vaughn index[1] that includes a substantial description of any documents Defendants contend should not be disclosed.  *In camera* review of those documents may be required by further Court order.

The *Martinez* report must be filed and served on Plaintiff no later than **April 25, 2016**. Plaintiff must file her response or objections to the report no later than **May 25, 2016**. Defendants must file their reply, if any, no later than **June 9, 2016**.

---

[1] A *Vaughn* index is a compilation prepared by the government agency . . . listing each of the withheld documents and explaining the asserted reason for its nondisclosure."  *Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 940 n.3 (10th Cir. 1990) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)).

3

The parties are hereby given notice that the *Martinez* report may be used in deciding whether to grant summary judgment, either by motion or sua sponte. Therefore, the parties should submit whatever materials they consider relevant to Plaintiff's claims.

IT IS SO ORDERED.

_____
STEPHAN M. VIDMAR
United States Magistrate Judge