IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN HEARD,

    Plaintiff,

v.                                                          No. 15-cv-0516 MCA/SMV

GREGG MARCANTEL,
JAMES FRAWNER, and
MTC CORPORATION,

    Defendants.

### ORDER DENYING PLAINTIFF'S MOTION TO STAY RULING SUMMARY JUDGMENT

THIS MATTER is before the Court on Plaintiff John Heard's Motion to Stay Ruling Summary Judgment [Doc. 44], filed May 26, 2016 ("Motion"). Defendants Management & Training Corporation ("MTC") and James Frawner responded on July 8, 2016. [Doc. 59]. Defendant Marcantel did not respond. Plaintiff did not file a reply. Having reviewed the relevant portions of the record, the briefing, and the relevant law, and being otherwise fully advised in the premises, the Court finds that the motion is not well-taken and should be denied.

Plaintiff has moved to stay summary judgment in order to conduct discovery concerning his claim that Defendants' policy prohibiting "[p]ublications containing photographs of female(s) partially or totally nude and/or posed in a sexually explicit position" violates his First Amendment rights. [Doc. 44] at 1. Plaintiff contends that discovery will "'show' how this policy . . . is used and enforced by personal opinions and prejudices[] and is not narrowly tailored for a specific penological objective." *Id.* He states that "[i]nterrogatories are needed so

[D]efendant[s] can present credible evidence to support and state there [sic] penological goals[.]" *Id.* at 2.

Courts may stay ruling on a motion for summary judgment where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). A party seeking to stay ruling on summary judgment must "explain why facts precluding summary judgment cannot be presented." *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992). The party must identify the facts it seeks to obtain and explain "how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (internal quotation marks omitted).

In a Proposed Findings and Recommended Disposition, filed concurrently herewith, I find that Defendants' policy regarding nudity and sexually explicit materials, pursuant to which Plaintiff alleges he was denied pictures, does not violate Plaintiff's First Amendment rights. Plaintiff's Motion fails to state what additional facts he seeks to verify and how such facts would rebut summary judgment on this claim. He states he wants to question Defendants as to the credible penological interests behind their policies. [Doc. 44] at 2. Defendants have already supplied their penological interests via affidavits of prison administrators. *See* [Doc. 38-1]; [Doc. 42-2]. Plaintiff may disagree with the assessments contained therein, but this does not entitle him to delay proceedings to seek a different answer.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Stay Summary Judgment [Doc. 44] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**