IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN HEARD,

    Plaintiff,

v.                                                           No. 15-cv-0516 MCA/SMV

GREGG MARCANTEL, JAMES FRAWNER,
and MTC CORPORATION,[1]

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTIONS REGARDING HIS REQUESTS FOR DISCOVERY

THIS MATTER is before the Court on Plaintiff's motions, filed November 28, 2016, requesting that the Court deem Defendants MTC and Frawner ("Defendants") to have waived any objection to Plaintiff's discovery requests and deem the requests for admission admitted. [Docs. 80, 81]. Defendants responded on December 8, 2016. [Doc. 83]. Plaintiff did not reply. Having reviewed the briefing and being otherwise fully advised in the premises, the Court finds that the motions are not well-taken and will be denied.

Plaintiff states that he "sent a list of interrogatories to Warden Frawner/Martinez" but received no response within 30 days, as required by Fed. R. Civ. P. 33. [Doc. 80] at 1. He attached the set of interrogatories to his filing. *Id.* at 3–7. He requests that the Court deem Defendants' objections to the interrogatories waived. *Id.* at 2. In a separate filing, Plaintiff states that he sent a set of requests for admission to Warden Frawner but received no response within

---

[1] Pursuant to Fed. R. Civ. P. 25(d), David Jablonski, Acting Cabinet Secretary of the New Mexico Corrections Department, was substituted for Gregg Marcantel on March 16, 2017. [Doc. 89]. Defendant Frawner was dismissed from this case on March 16, 2017. [Doc. 88]. Defendants Jablonksi and MTC are the sole remaining defendants in this case.

30 days, as required by Fed. R. Civ. P. 36. [Doc. 81] at 1. He attached the requests for admission to his filing and asks that the Court deem them admitted. *Id.* at 1, 3–6. In response, Defendants assert that Plaintiff provided no proof of service of the discovery requests. [Doc. 83] at 1. Defendants further assert that counsel for Defendants, through whom service must be made pursuant to Fed. R. Civ. P. 5(b), did not receive from Plaintiff the discovery materials in question. *Id.* at 2. They claim they received the requests only through Plaintiff's filing of the instant motions [Docs. 80, 81]. Defendants therefore claim they had 30 days from the date of Plaintiff's filings (i.e., until December 28, 2016) to respond to the discovery requests. [Doc. 83] at 2. On December 27, 2016, Defendants filed a certificate of service certifying that they had responded to Plaintiff's discovery requests. [Doc. 85].

Pursuant to D.N.M.LR-Civ. 16.3(d), this case is excluded from normal pretrial case management procedures. "[I]t is within the [Court's] discretion to allow a prisoner to engage in the formal discovery process or to rely on the production of a *Martinez* report in order to help develop Plaintiff's claims." *Wishneski v. Andrade*, 2012 WL 12903280, at *2 (D.N.M. Sept. 12, 2012); *see also Foti v. Bernalillo Cty.*, 2015 WL 712915, at *2 (D.N.M. Feb. 6, 2015) (unpublished) (denying prisoner's motion for the production of discovery and noting that "the Court will order discovery as appropriate"). The Court ordered *Martinez* reports in this case. [Doc. 30]. The Court did not issue a scheduling order and has not permitted discovery in this case. Plaintiff was not entitled to obtain such discovery from Defendants and the Court, therefore, need not consider whether Defendants' responses were timely. Plaintiff's requests that

Defendants be deemed to have waived their objections and that the requests for admission be admitted will be denied.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's motions regarding his discovery requests [Docs. 80, 81] are **DENIED**.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**